IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANNETTE TILLER
individually, and on behalf of all
others similarly situated, et al.,

   Plaintiffs,

     v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-3432-TWT

ORDER

This is a putative class action concerning third-party property damage claims for diminished value arising out of automobile accidents. It is before the Court on Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion to Dismiss [Doc. 8]. For the reasons set forth below, Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion to Dismiss [Doc. 8] is GRANTED.

I. Background

This putative class action alleges that Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company

("Defendants" or "State Farm") did not fully cover the diminished value of automobiles damaged in accidents with State Farm policyholders despite State Farm's legal obligation to do so. (Compl. ¶ 1). There are currently three Plaintiffs: Annette Tiller, James Garvin, and Raynarldo Whitty. (Compl. ¶¶ 4-6).

Plaintiff Tiller's vehicle suffered $6,000 in damages from an accident with a driver insured by State Farm. State Farm covered the repairs and then sent a check to Tiller for $48.76, representing the diminished value of her vehicle. The letter accompanying the check stated:

> Regarding your claim against our insured for property damage to your vehicle, State Farm has assessed whether your vehicle may have sustained a loss in value in addition to the costs to repair your vehicle. We have made that assessment using a formula referenced in Section 10 of the March 6, 2002, order of the Superior Court of Muscogee County in Mabry v. State Farm.

(Compl. ¶¶ 14-15, Ex. A). The letter went on to itemize State Farm's assessment of diminished value, stating that the National Association of Auto Dealers ("NADA") valued Tiller's car at $14,755, that 10% of that value was $1,477.50 [sic], and that applying a Damage Modifier of 30% and a Mileage Modifier of 11% resulted in a diminished value of $48.76. (Id. ¶ 17, Ex. A). Tiller did not cash the check because she found it inadequate. (Compl. ¶ 18).

Similarly, Plaintiff Garvin's automobile was damaged in an accident with a driver insured by State Farm. Garvin's vehicle required $2,400 in repairs. Following

the repairs, State Farm sent Garvin a check in the amount of $634.73 for the diminished value of his vehicle. The letter accompanying the check included the same language as the letter sent to Plaintiff Tiller. However, Garvin's letter did not include an itemized breakdown of State Farm's calculation of the diminished value. (See Compl. Ex. B). The Plaintiffs allege that State Farm used the same formula for Garvin as they did for Tiller. (Compl. ¶¶ 24-28). Garvin cashed the check but did not consider it full payment for the diminished value of his vehicle. (Compl. ¶ 29).

Plaintiff Whitty, unlike Plaintiffs Garvin and Tiller, is a State Farm policyholder. However, like Garvin and Tiller, Whitty's vehicle was damaged in a collision with a State Farm policyholder and Whitty made a claim against State Farm as the liability insurer of the other party. (See Compl. Ex. C). His vehicle required $3,500 in repairs. State Farm informed Whitty that he could not recover for the diminished value of his vehicle. The Plaintiffs allege that State Farm applied a Mileage Modifier of 0% because Whitty's vehicle had over 100,000 miles on it. When Whitty sought further information, State Farm responded that, "[b]ased on the year, make, model, mileage, and damage, we do not believe the vehicle has lost any value as a result of this accident." (Compl. ¶¶ 30-34).

The Plaintiffs contend that the methodology State Farm uses to determine the diminished value of a repaired vehicle results in an amount that is substantially less

than the actual lost value of the repaired vehicle. (Compl. ¶ 35). The Plaintiffs argue that the "17c" methodology, upon which State Farm relies for its value determinations, results in an artificially low figure. The Plaintiffs further argue that the form letters accompanying the checks that cover diminished value are designed to be misleading. The Plaintiffs seek to bring claims on behalf of a class and a sub-class. They seek to define a Class as:

> All persons or entities who suffered any diminution in the value of their automotive vehicle as a result of a collision covered by a State Farm insurance policy marketed, sold, and/or issued in the State of Georgia and who did not receive from State Farm payment for the actual diminution of value resulting from such collision during the period commencing November 28, 2001 and through the date of certification of a class in this matter.

(Compl. ¶ 36). Plaintiff Whitty brings his claims on behalf of a state-wide Sub-class defined as:

> All Class members who also are policyholders of an automotive vehicle insurance policy issued by State Farm and who incurred a diminution of loss on a claim covered by such policy.

(Compl. ¶ 38).

The Plaintiffs allege that State Farm has been aware of its duty to pay for the diminished value of repaired cars since the Georgia Supreme Court ruling in State Farm Automobile Insurance Company v. Mabry, 274 Ga. 498 (2001). The Plaintiffs contend that the Defendants have underpaid diminished value claims despite this duty.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

## III. Discussion

The Plaintiffs seek a declaration that the methodology used by State Farm in calculating diminished value is not compliant with Georgia law. (Compl. ¶ 69-74). The complaint also includes counts for fraud, unjust enrichment, breach of the implied covenant of good faith and fair dealing, injunctive relief, and attorneys fees and expenses. (Compl. ¶¶ 75-109). The Defendants have moved to dismiss the complaint in its entirety.

A. The Plaintiffs' Claim for Declaratory Relief

The Defendants contend that the Plaintiffs do not have standing to bring a direct action against a third-party liability insurer. The Defendants argue that the Plaintiffs cannot couch their claim as one for declaratory judgment when they are actually seeking damages. In this sense, the Defendants argue that the Plaintiffs' claims are barred under O.C.G.A. § 33-4-7, which lays out the procedure for suing a third-party liability insurer for damages in Georgia. See O.C.G.A. § 33-4-7. The Plaintiffs argue that their suit qualifies for an exception to the rule prohibiting direct suits against third-party liability insurers due to legislation making automobile insurance compulsory for all drivers.

"Generally, a party not in privity of contract may not bring a direct action suit against the liability insurer of the party alleged to have caused damage absent an unsatisfied judgment against the insured, legislative mandate, or as permitted by a

provision of the insurance policy in issue." Richards v. State Farm Mut. Auto. Ins. Co., 252 Ga. App. 45 (2001) (quoting Googe v. Florida Intl. Indem. Co., 262 Ga. 546, 546 (1992)).[1] Although not an express legislative mandate, "the Supreme Court has recognized the status of the victims of automobile accidents as third-party beneficiaries in light of compulsory automobile accident insurance." Id. (quoting Googe, 262 Ga. at 548-49). "[H]owever, such status does not create the right of direct action for damages under the policy but only allows an action for equitable reformation or declaratory relief under the policy." Id. (quoting Googe, 262 Ga. at 548-49).

Accordingly, the Plaintiffs may only bring a direct action against State Farm for equitable reformation or declaratory relief. Here, however, the Plaintiffs are not seeking equitable reformation, and they have not met the requirements for obtaining declaratory relief. A complaint seeking declaratory relief must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil, 312 U.S. 270, 273 (1941). Declaratory relief is appropriate when it is necessary to "protect the plaintiff from uncertainty and

---

[1] The State Farm policies here relating to each Plaintiff require a judgment against the insured before a third-party can bring suit against State Farm. (See Compl. Ex. D, at 37).

insecurity with regard to the propriety of some future act or conduct." Henderson v. Alverson, 217 Ga. 541 (1962). At the motion to dismiss stage, a "prayer for injunctive and declaratory relief requires an assessment . . . of whether the plaintiff has sufficiently shown a real and immediate threat of future harm." Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006).

Here, the complaint states:

> There exists an actual controversy with respect to whether Defendants have wrongfully refused to pay Plaintiffs and each putative Class and Sub-class member the actual diminution in the value that Plaintiffs' and each putative Class and Sub-class members' motor vehicles have incurred as a result of an insured loss covered under the contracts of insurance Defendants have issued in the State of Georgia...Plaintiffs and putative Class members are entitled to a judgment pursuant to O.C.G.A. § 9-4-2 declaring the Defendants use of the 17c methodology does not comply with Georgia law.

(Compl. ¶¶ 70, 72). These allegations do not suggest any immediacy or urgency with respect to the declarations sought. The allegations concern whether State Farm has properly paid for diminished value claims that have already been made. The allegations also do not indicate any uncertainty or insecurity relating to the Plaintiffs' future acts. The Plaintiffs have already received State Farm's assessments of diminished value. Essentially, the Plaintiffs are attempting to have this Court make a legal determination about the extent of State Farm's liability under the guise of a declaratory judgment. A declaration that State Farm has not paid enough for

diminished value, as the Plaintiffs seek, would require the Court to first determine how much the Plaintiffs are owed, a legal assessment outside the bounds of a declaratory action against a third-party insurer.

In <u>Harden v. State Farm Mutual Automobile Ins. Co.</u>, No. 1:08-cv-1474-TWT (N.D. Ga. Aug. 8, 2008), the plaintiffs, who were injured in accidents with uninsured motorists, attempted to bring a direct action against a third-party insurer alleging that the insurer systematically underpaid for personal injury claims. Although Georgia law mandated that the plaintiffs sue the uninsured motorists and obtain a judgment before bringing a direct action against the insurer, the plaintiffs contended they were not bringing a direct action to determine liability but rather a breach of contract action. The court rejected the plaintiffs' contentions. "Any effort to determine whether the [insurer's] policy of reducing benefits is legitimate," the court reasoned, "requires a proper legal assessment of how much the Plaintiffs are owed." <u>Id.</u> at 5. That proper legal assessment could have only been determined by obtaining judgments against the uninsured motorists. Because the plaintiffs had not obtained judgments against the uninsured motorists, the plaintiffs' claim was dismissed.

Here, as in <u>Harden</u>, the Plaintiffs are seeking to bring an action against a third-party insurer without first obtaining a judgment against the tortfeasor. As in <u>Harden</u>, the Plaintiffs are seeking to characterize their suit against the insurer as something

other than direct action. But, just like in <u>Harden</u>, "any effort to determine whether [the insurer's alleged policy of underpaying diminished value claims] is legitimate requires a proper legal assessment of how much the Plaintiffs are owed." <u>Harden</u>, at 5. To obtain a proper legal assessment of how much they are owed, the Plaintiffs must bring suit against the insured and obtain a judgment. See O.C.G.A. § 33-4-7 (requiring claimant to seek settlement from insurer, proceed to suit against insured, and obtain judgment equal to or greater than settlement demand before suing insurer); <u>Richards</u>, 252 Ga. App. at 47 (noting that third-party beneficiary status only attaches when the plaintiff obtains a judgment against the insured). As in <u>Harden</u>, because the Plaintiffs did not obtain a judgment before bringing an action against the insurer, they do not have standing to bring this direct action against State Farm.[2] Accordingly, the Plaintiffs' claim for declaratory relief should be dismissed.

    B.    <u>The Plaintiffs' Claims for Fraud</u>

The Plaintiffs contend the form letters sent to all putative Class members were fraudulent. Specifically, the Plaintiffs allege that the letters contained deceptive misrepresentations designed to suggest that the calculations of diminished value

---

[2] Although Plaintiff Whitty is an insured under his own State Farm policy, he did not make a claim under that policy that led to his claim for diminished value at issue in this lawsuit. (<u>See</u> Compl. Ex. C). Accordingly, Whitty cannot assert standing here as a first-party insured.

complied with Georgia law and contained misleading omissions regarding the validity of the "17c" method. (See Compl. ¶¶ 78-80). The Plaintiffs also contend that the letter sent to Whitty explaining the diminished value of his car constituted fraud.

State Farm argues that the Plaintiffs' claims for fraud must be dismissed because they have not alleged any false statements and have not pled facts to show reliance. State Farm argues that the letters containing allegedly false statements accurately described what State Farm did: calculated the diminution in value according to the 17c methodology. And even if the statements that the calculations were made pursuant to Mabry and therefore in conformance with Georgia law are considered misleading, State Farm argues, statements of law are necessarily opinions incapable of supporting a claim for fraud.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." Najem v. Classic Cadillac Atlanta Corp., 241 Ga. App. 661, 664 (1999) (quoting Howard v. McFarland, 237 Ga. App. 483, 483-84 (1999)). The allegedly culpable language in the form letters sent to Plaintiffs Tiller and Garvin is that State Farm calculated diminished value and "made that assessment using a formula referenced in Section 10 of the March 6, 2002, order of the Superior Court of Muscogee County in Mabry v. State Farm." (Compl. ¶ 15).

Plaintiff Whitty also claims fraud for the language contained in the letter State Farm sent him in response to his questions about the lack of diminution in his vehicle. That letter stated that "[b]ased on the year, make, model, mileage and damage, we do not believe the vehicle has lost any value as a result of this accident." (Compl. ¶ 33).

None of the statements the Plaintiffs identify is capable of supporting a claim for fraud. The language in State Farm's form letters addressing diminution of value does not state that State Farm is reimbursing the actual diminished value, so State Farm cannot have made false representations in that respect. Likewise, the statement that State Farm used the formula from Mabry appears to be true. Indeed, the complaint itself states that State Farm used the 17c methodology. (Compl. ¶ 19). The Plaintiffs contend that the reference to Mabry inappropriately suggests that State Farm's determinations complied with Georgia law. However, "a misrepresentation as to a matter of law is a statement of opinion only and can not afford a basis for a charge of fraud." Lakeside Investments Group, Inc. v. Allen, 253 Ga. App. 448, 450 (2002) (quoting Gignilliat v. Borg, 131 Ga. App. 182, 183 (1974) (internal quotation marks omitted)). "This is because all persons are presumed to know the law and therefore cannot be deceived by erroneous statements of law." Id. (quoting Gignilliat, 131 Ga. App. at 186); see also Mabry v. Pelton, 208 Ga. App. 891, 893 (1993)

("Misrepresentations as to a question of law cannot constitute remedial fraud, as such representations are ordinarily regarded as mere expressions of opinion.").

In <u>Lakeside</u>, the plaintiff alleged that the defendant landowners defrauded him when they told him that property for sale was zoned entirely for office and industrial use. <u>Lakeside</u>, 254 Ga. App. at 448. The plaintiff later learned, after entering a contract to purchase the property, that only a portion of the land was zoned for office and industrial use. The court rejected his claim for fraud because zoning and use questions are matters of law and "a misrepresentation as to a matter of law is a statement of opinion only." <u>Id.</u> at 450 (quoting <u>Gignilliat</u>, 131 Ga. App. at 183) (internal quotation marks omitted).

Here, the allegedly fraudulent statements, as construed by the Plaintiffs, were that the diminished value calculations were made in accordance with Georgia law. These statements, like the statement in <u>Lakeside</u> concerning zoning, relate to matters of law and are therefore opinions. Accordingly, even if the statements can be construed as misleading the recipients of the form letters to believe the calculations were made pursuant to Georgia law, they were only opinions incapable of supporting the claims for fraud.

Similarly, the statement contained in the letter to Whitty expressed an opinion when it stated that State Farm "believe[d]" there was no diminished value in his

vehicle. An opinion such as this one cannot be construed as a false statement to support a claim for fraud. See Baxter v. Fairfield Fin. Servs., 307 Ga. App. 286, 293-94 (2010) (concluding that opinion statements about financial conditions of potential investors were incapable of supporting fraud claim).

Finally, there is no indication that the Plaintiffs relied on the allegedly false statements. Plaintiff Tiller did not cash the check sent to her because she felt the amount was inadequate. Tiller was not deceived by the allegedly false statement because she was not induced into accepting the payment. Similarly, Plaintiff Garvin has not pled reliance because, even though he cashed check, he felt it did not cover the full diminished value of his vehicle, indicating he was not deceived by the statement. Plaintiff Whitty did not rely on the statement in the form letter because he likewise found State Farm's assessment of diminished value to be too low. See Insight Tech., Inc. v. FreightCheck, LLC, 280 Ga. App. 19, 22-23 (2006) (concluding that the plaintiff could not establish reliance when he learned of the misrepresentations before consummating the transaction and did not go through with the deal). Accordingly, the Plaintiffs' claims for fraud should be dismissed.

C.      The Plaintiffs' Claim for Unjust Enrichment

The Defendants argue the Plaintiffs cannot claim unjust enrichment because they never gave the Defendants anything of value. The Plaintiffs argue that the

"Defendants affirmatively encouraged and attempted to induce Plaintiffs to accept a wholly insufficient payment for diminution of value in return for settlement of their valid claims for diminution, which Plaintiffs rightfully rejected." (Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss, at 20).

"[T]he theory of unjust enrichment applies when as a matter of fact there is no legal contract, but where the party sought to be charged has been conferred a benefit by the [claimant] which the benefitted party equitably ought to return or compensate for." Sampson v. Haywire Ventures, Inc., 293 Ga. App. 779, 781 (2008) (quoting Smith v. McClung, 215 Ga. App. 786, 789 (1994)). The Plaintiffs allege that State Farm owed them the diminished value of their cars. The Plaintiffs further allege that State Farm did not pay the full diminished value of the cars and therefore retained, as a benefit, the remaining value of the diminished vehicles. The Plaintiffs do not allege, however, that they conferred a benefit on the Defendants – they only state that the Defendants withheld something from the Plaintiffs and the withholding was a benefit to the Defendants. There is no indication the benefits accrued to the Defendants were the result of any acts by the Plaintiffs. Indeed, the allegations state that the Plaintiffs did nothing more than accept or reject their diminished value checks. (Compl. ¶¶ 18, 29, 33). These facts do not fit the mold of unjust enrichment.

The Plaintiffs cite Jones v. White, 311 Ga. App. 822, 828 (2011), to support a broad definition of "benefit" for the purposes of unjust enrichment that would apply to State Farm's alleged underpayments. In Jones, the court defined benefit as "any form of advantage." Id. at 828 (citing Restatement of Restitution, § 1, Unjust Enrichment, Comment b (1937)). However, in Jones, the plaintiff asserting a claim for unjust enrichment "did compensable consulting work" that he was not paid for. Id. Indeed, there was evidence that the plaintiff and the defendants performed consulting work together but that the defendants did not share the compensation with the plaintiff. There was also evidence that the plaintiff had expected to be compensated for his consulting efforts. Id.

Here, conversely, the Plaintiffs have not pled that they performed any work for the Defendants and they have not pled they expected compensation for that work. Even accepting as true the allegations that the Defendants saved thousands of dollars by underpaying the diminished value of the respective automobiles, the Plaintiffs cannot state a claim for unjust enrichment because they did not themselves confer a benefit upon State Farm. According to the complaint, there was no instant where the Plaintiffs conferred things of value to the Defendants, and no instant where the

Plaintiffs assumed State Farm would compensate them.³ And further, as with the Plaintiffs' action for declaratory relief, the essence of this claim relies on the alleged deficiency of the payment for diminished value, and the only way to establish that the payment is indeed deficient is to obtain a judgment against the original tortfeasor. See O.C.G.A. § 33-4-7 (requiring claimant to seek settlement from insurer, proceed to suit against insured, and obtain judgment equal to or greater than settlement demand before suing insurer); Richards, 252 Ga. App. at 47 (noting that third-party beneficiary status only attaches when the plaintiff obtains a judgment against the insured). Accordingly, the Plaintiffs' claim for unjust enrichment should be dismissed.

> D.  The Plaintiffs' Claim for the Breach of the Covenant of Good Faith and Fair Dealing

The Defendants argue that Plaintiff Whitty and the associated Sub-class cannot sustain a claim for the breach of the covenant of good faith and fair dealing because Whitty has not alleged a breach of the underlying contract and because Whitty could not allege a breach of that contract because he pursued claims against State Farm as a third-party following his accident with a State Farm insured. The Plaintiffs argue that Whitty has pled a breach of contract and can sustain his claim.

---

³ The existence of Plaintiff Whitty's insurance policy with State Farm does not alter the conclusion that the Plaintiffs have not pled that they conferred any benefits to State Farm that give rise to a claim for unjust enrichment because Whitty did not make a claim to State Farm as a first party beneficiary. (See Compl. Ex. C).

"In Georgia, to state a claim for breach of the implied duty of good faith and fair dealing, the Plaintiffs must set forth facts showing a breach of an actual term of an agreement between the Plaintiffs and the Defendant." HLD Enters. v. Michelin N. Am., Inc., No. 1:10-cv-2558-TWT, 2004 U.S. Dist. LEXIS 18958, at *7-8 (N.D. Ga. 2004) (citing Alan's of Atlanta Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990)). Here, the Plaintiffs have not alleged that State Farm breached an actual term of its first-party insurance agreement with Whitty. To the contrary, the letter explaining to Whitty why his diminished value assessment was $0 does not list Whitty as an insured but as a claimant on another State Farm insured's policy. (See Compl. Ex. C). Accordingly, the Plaintiffs have not pled facts to allege the breach of a contract with State Farm. Therefore, the Plaintiffs' claim for the breach of the covenant of good faith and fair dealing should be dismissed.

    E.    The Plaintiffs' Claim for Injunctive Relief

The Plaintiffs seek injunctive and equitable relief to adequately determine the amount owed under their diminished value claims and to compel State Farm to pay that amount. (See Compl. ¶¶ 103-106). "It is axiomatic that equitable relief is only available in the absence of an adequate remedy at law...." Mitsubishi Int'l Corp. v. Cardinal Textile Sales, 14 F.3d 1507, 1518 (11th Cir. 1994).

Here, the Plaintiffs allege that they have been underpaid on their diminished value claims. Accepting these allegations as true, there is no indication that a legal remedy would be inadequate. If the Plaintiffs and Class and Sub-class members were indeed underpaid, they could seek damages to recover the underpayment. Accordingly, because there is an adequate remedy at law for the violations alleged, the Plaintiffs' claim for injunctive relief should be denied.

F. The Plaintiffs' Claim for Attorneys' Fees and Litigation Expenses

As the Court has determined that each of the Plaintiffs' underlying claims should be dismissed, and because there is no indication that the Defendants have acted in bad faith, the Plaintiffs' claim to recover attorneys' fees and litigation expenses must also be dismissed. See Gilmour v. American Nat'l Red Cross, 385 F.3d 1318, 1324 (11th Cir. 2004) ("a claim for an attorney's fees under [O.C.G.A. § 13-6-11] requires an underlying claim"). The class claims should be dismissed without prejudice.

IV. Conclusion

For the reasons set forth above, Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion to Dismiss [Doc. 8] is GRANTED.

SO ORDERED, this 5 day of February, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge